UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SCHULTE BUILDING SYSTEMS, INC.
F/K/A SCHULTE BUILDING SYSTEMS
LP

CIVIL ACTION

VERSUS

NO. 07-209-JJB

AA METALIC BUILDINGS
MANUFACTURES LLC

**RULING**

This matter is before the court on a Motion for Summary Judgment (doc. 17) filed by Plaintiff, Schulte Building Systems, Inc. Defendant has not filed a response. There is no need for oral argument.

Defendant AA Metal Builders (hereinafter AA Metallic) entered into multiple purchasing contracts with plaintiff Schulte Building Systems (hereinafter SBS) for metal building supplies. Invoices documented each sale. AA Metallic never paid SBS for the goods, the last of which was purchased November 28, 2006. In a letter dated February 28, 2007, Plaintiff's counsel demanded, but did not receive, payment. This lawsuit and Motion for Summary Judgment followed.

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions, and affidavits on file indicate there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1] When the burden at trial rests on the non-moving party, the moving party need

---

[1] *Celotex Corp. v. Catrett* (US Sup. Ct. 6/25/86), 477 U.S. 317, 322.

only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case.[2] The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more elements essential to the non-moving party's case.[3]

Although this Court considers the evidence in the light most favorable to the non-moving party, the non-moving party may not merely rest on allegations set forth in the pleadings. Instead, the non-moving party must show that there is a genuine issue for trial.[4] Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden,[5] as unsubstantiated or conclusory assertions are incompetent summary judgment evidence and cannot defeat a motion for summary judgment.[6] If, once the non-moving party has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party.[7]

Having carefully considered the arguments and evidence submitted by plaintiff, the court finds that summary judgment is appropriate.[8] Plaintiff has properly supported its claim for $156,395.16 as being due on the open account. Under

---

[2] Id.
[3] Id.
[4] *Anderson v. Liberty Lobby* (US Sup. Ct. 6/25/86), 477 U.S. 242, 248.
[5] *Grimes v. Tex. Dep't of Mental Helath* (US App. 5 Cir. 12/13/96) 102 F.3d 137, 139.
[6] *Bridgmon v. Array Systems Corp.* (US App. 5 Cir. 3/20/03) 325 F.3d 572, 577. (citing *Hugh Symons Group, PLC v. Motorola, Inc.*, (US App. 5 Cir. 5/28/02) 292 F.3d 466, 470).
[7] *Anderson*, 477 U.S. at 248; see also Fed. Rule Civ. P. 56(c).
[8] The relationship between AA Metallic and SBS constitutes an open account under LA R.S. 9:2781. An invoice (doc. 17 exhibit B-2) attached to a letter SBS sent to AA Metallic dated February 28, 2007 (doc. 17 exhibit B-1) showing the amount owed for each of the 21 purchases demonstrates there were running, multiple business transactions, a line of credit extended, and expectations of further dealings.

Louisiana Civil Code art. 2000, plaintiff is entitled to prejudgment interest at the rate of 9.5%, totaling $16,552.44. The court further finds that the claim for $21,993.50 in attorney's fees is reasonable. Plaintiff will be awarded costs (other than attorney's fees) as provided by law. Fed. Rule Civ. P. 54(d).

Accordingly, plaintiff's motion (doc. 17) for summary judgment is hereby GRANTED.

Baton Rouge, Louisiana, April 7, 2008.

JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA